UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

THURMAN KIRKWOOD                                                                                    PLAINTIFF

VERSUS                                                             CIVIL ACTION NO. 1:16CV119-LG-RHW

MARSHALL FISHER et al                                                                          DEFENDANTS

**PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

Plaintiff Thurman Kirkwood, proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 prisoner civil rights complaint alleging that prison officials failed to protect him from assault by other inmates at the South Mississippi Correctional Institution (SMCI). He also alleges that certain Defendants conspired to retaliate against him because of grievances he filed against them. On July 13, 2016, Plaintiff filed a motion for injunction and/or temporary restraining order. Doc. [27]. In the motion, he expresses concern for his safety at SMCI. He further states that "the reason I need the restraining immediately is because they are moving us back to [SMCI]." He argues that if he is returned to SMCI, he will suffer immediate and irreparable injury, loss, or damage. At the time he filed the motion, Plaintiff was housed at Walnut Grove Correctional Facility (WGCF). Plaintiff currently is housed at the Wilkinson County Correctional Facility (WCCF) in Woodville, Mississippi.

The purpose of a temporary restraining order (TRO) or preliminary injunction is to protect against irreparable injury and preserve the status quo until the court renders a meaningful decision on the merits. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1231 (11th Cir. 2005)(citing *Canal Authority of State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974)). To obtain a preliminary injunction, plaintiff must show the following:

      (1)      a substantial likelihood that plaintiff will prevail on the merits;
      (2)      a substantial threat that irreparable injury will result if the injunction is not granted;
      (3)      that the threatened injury outweighs the threatened harm to defendant; and
      (4)      that granting the preliminary injunction will not disserve the public interest.

*Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985). "Plaintiff bears the burden of persuasion on all four elements." *Commonwealth Life Ins. Co. v. Neal*, 669 F.2d 300, 303 (5th Cir. 1982). In considering these prerequisites the court must bear in mind that a preliminary injunction is an extraordinary and drastic remedy which should not be granted unless the movant clearly carries the burden of persuasion. *Canal Authority*, 489 F.2d at 573. To obtain a temporary restraining order, one of the requirements is that the party seeking the TRO show that "immediate and irreparable injury, loss, or damage will result" to the party seeking the TRO. FED. R. CIV. P. Rule 65(b).

      The entire basis of Plaintiff's motion is that he will suffer harm if he is returned to SMCI. In the four months since he filed the instant motion, Plaintiff has not been housed at SMCI. Based on the docket, it appears that Plaintiff has only been at WGCF and WCCF since the filing of the motion. Plaintiff has offered no evidence demonstrating that a return to SMCI is imminent or likely. Plaintiff's allegations of a future harm are speculative at best. Plaintiff has failed to carry his burden of persuasion that a substantial threat of irreparable injury will occur if the motion is not granted. Accordingly, the undersigned finds that he is not entitled to entry of an injunction or restraining order.

## RECOMMENDATION

      The undersigned recommends that Plaintiff's [27] Motion for Temporary Restraining Order and Preliminary Injunction be DENIED.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed **factual findings and legal conclusions** that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 28th day of November, 2016.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE