IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**THURMAN KIRKWOOD**                                                                    **PLAINTIFF**

v.                                                                    CAUSE NO. 1:16CV119-LG-RHW

**MARSHALL FISHER, ET AL.**                                                    **DEFENDANTS**

### ORDER ADOPTING PROPOSED FINDINGS OF FACT AND RECOMMENDATION AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

BEFORE THE COURT is the [48] Proposed Findings of Fact and Recommendation of United States Magistrate Judge Robert H. Walker, filed November 28, 2016.  Plaintiff Thurman Kirkwood has filed an [50] objection to the recommendation that his [27] letter motion for injunction and a temporary restraining order be denied.  After conducting the required review, the Court finds that the Magistrate Judge was correct in finding that Kirkwood is not entitled to injunctive relief.  Accordingly, the Proposed Findings of Fact and Recommendation will be adopted as the opinion of this Court and the motion for injunctive relief denied.

DISCUSSION

A temporary or preliminary injunction is an extraordinary remedy, *Cherokee Pump & Equip., Inc. v. Aurora Pump*, 38 F.3d 246, 249 (5th Cir. 1994), "not to be granted routinely, but only when the movant, by a clear showing, carries [the] burden of persuasion." *Black Fire Fighters Ass'n v. City of Dallas*, 905 F.2d 63, 65 (5th Cir. 1990) (quoting *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992,

997 (5th Cir. 1985)); *Cherokee Pump*, 38 F.3d at 249 (quoting *Miss. Power & Light v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)) ("The decision to grant a preliminary injunction is to be treated as the exception rather than the rule"). Kirkwood is required to show, among other things, "immediate and irreparable injury, loss or damage." Fed. R. Civ. P. 65(b).

Kirkwood's motion requests an injunction to prevent his return to South Mississippi Correctional Institution in Leakesville, Mississippi, and protect him from the defendants who are officers there. However, as the Magistrate Judge noted, there is no indication on the docket that Kirkwood has been housed at SMCI since filing his Complaint or the letter motion for injunctive relief. At the time he filed his objection to the Proposed Findings of Fact and Recommendation, he was still housed at the Wilkinson County Correctional Facility in Woodville, Mississippi. His claims for injunctive relief based upon conditions at the SMCI have therefore become moot, as there is no possibility of immediate injury from the named defendants. *Cooper v. Sheriff, Lubbock Cty., Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991) (transfer of prisoner renders injunctive relief moot).

Having reviewed Kirkwood's objection, the Court finds no reason to assume that he will be transferred back to the SMCI, making a claim for injunctive relief based upon that possibility too remote and speculative. *See Bailey v. Southerland*, 821 F.2d 277, 279 (5th Cir. 1987). The Magistrate Judge's findings and conclusions are neither clearly erroneous nor contrary to law. *United States v. Wilson,* 864 F.2d 1219, 1221 (5th Cir. 1989). If Kirkwood is housed at the SMCI in the future and

subjected to actions he believes entitle him to a preliminary injunction, he may move at that time for injunctive relief.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Proposed Findings of Fact and Recommendation [48] of United States Magistrate Judge Robert H. Walker entered in this cause on November 28, 2016, should be, and the same hereby is, adopted as the findings of this Court.

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff's [27] letter motion for an injunction and a temporary restraining order is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 14th day of December, 2016.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE