UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

THURMAN KIRKWOOD                                                                    PLAINTIFF

  VERSUS                                              CIVIL ACTION NO. 1:16CV119-LG-RHW

MARSHALL FISHER et al                                                            DEFENDANTS

### PROPOSED FINDINGS OF FACT AND RECOMMENDATION

Plaintiff Thurman Kirkwood, proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 prisoner civil rights complaint. On August 16, 2016, the undersigned conducted a screening hearing. *See* Minute Entry (8/16/2016). In the complaint and supporting memorandum, Plaintiff alleges that prison officials at South Mississippi Correctional Institution (SMCI) failed to protect him from an assault by other inmates that occurred on or about February 19, 2015. Doc. [1] & [3]. The assault resulted in two broken ribs and an injury to his chest. He also alleges that he was forced to live in a building where he was threatened by gang members. According to Plaintiff, Defendant Brenda Sims "was the root of the problem" because she retaliated against Plaintiff for filing a grievance against her and her staff on September 21, 2010. Plaintiff alleges that Defendants filed a falsified Rules Violation Reports against him, the first occurring some time in 2010 and the second falsified RVR dated October 3, 2013. Plaintiff contends that because of the falsified RVRs he was put in isolation for eight months. Plaintiff alleges that one of the RVRs eventually was reversed on June 9, 2014. Plaintiff also alleges that Defendants tore up or otherwise destroyed grievances and other legal paperwork.

Although there is a general lack of coherence to Plaintiff's pleadings and a confusing timeline, it appears that he raises the following claims: (1) failure to protect from an assault that occurred in February 2015; (2) destruction of legal paperwork; and (3) retaliation by prison staff

in the form of falsified RVRs. Defendants have filed a motion for summary judgment that is pending before the Court. Doc. [52]. The undersigned notes that two of the named Defendants, Beverly Breland and Luretta Adams, did not join in the motion for summary judgment. Nevertheless, as will be discussed below, the undersigned finds that all claims against all Defendants should be dismissed either because Plaintiff failed to exhaust administrative remedies or because his claims are otherwise barred.

## Law and Analysis

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). Where the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Topalin v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992). In making its determinations of fact on a motion for summary judgment, the court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of a material fact and the appropriateness of judgment as a matter of law to prevail on its motion. *Union Planters Nat'l Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131. "Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the

movant discharges [its] initial burned of demonstrating [entitlement to summary judgment]." *John v. State of Louisiana*, 757 F.3d 698, 708 (5th Cir. 1985). Once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. Nat'l Broad. Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978).

**Failure to Protect and Destruction of Legal Paperwork**

Among Plaintiff's claims, he alleges that Defendants failed to protect him from assault at the hands of other inmates and that prison officials destroyed his legal paperwork. Defendants argue that Plaintiff failed to exhaust administrative remedies with respect to either of these claims.

Exhaustion of administrative remedies through the prison grievance system is a jurisdictional prerequisite for lawsuits filed pursuant to 42 U.S.C. § 1983. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies are exhausted. 42 U.S.C. § 1997e(a). The Fifth Circuit takes a "strict approach" to the exhaustion requirement. *See Johnson v. Ford*, 261 Fed. Appx. 752, 755 (5th Cir. 2008). Exhaustion is mandatory for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Alexander v. Tippah County, Miss.*, 351 F.3d 626, 630 (5th Cir. 2003). Dismissal is appropriate where an inmate has failed to properly exhaust the administrative grievance procedure before filing his complaint. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal". *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006). Merely initiating the

grievance process or putting prison officials on notice of a complaint is insufficient to meet the exhaustion requirement. The grievance process must be carried through to its conclusion before suit can be filed under the Prison Litigation Reform Act. *Wright*, 260 F.3d at 358. "Since exhaustion is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time, . . . judges may resolve factual disputes concerning exhaustion without the participation of a jury. *Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010).

In support of their failure-to-exhaust argument, Defendants submit the affidavit of Joseph Cooley, custodian of ARP records at SMCI. Doc. [52-1]. Cooley states that there is no record of Plaintiff submitting an ARP grievance for the assault that allegedly occurred in February 2015. In the memorandum in support of his complaint, Plaintiff cites to efforts from 2014 to file grievances through the ARP system regarding Defendants' failure to protect him from other inmates. *See* Doc. [3] at 4-5; Doc. [3-1] at 29-31. The exhibits cited by Plaintiff pre-date the alleged assault of February 2015; therefore, they do not demonstrate successful exhaustion of Plaintiff's claim. Likewise, there is no record of Plaintiff submitting an ARP grievance regarding MDOC employees allegedly destroying Plaintiff's paperwork. Doc. [52-1]. Subsequent to Defendants' motion for summary judgment, Plaintiff filed two pleadings. *See* Doc. [57] & [58]. Neither of these pleadings address Defendants' exhaustion argument. Thus, Defendants have presented undisputed summary judgment evidence demonstrating that Plaintiff has not exhausted administrative remedies with respect to his claims of failure to protect and destruction of legal paperwork. Accordingly, these claims should be dismissed without prejudice for failure to exhaust.

**Retaliation and Falsified RVRs**

Plaintiff also alleges that he received falsified RVRs, which resulted in eight months spent in isolation. Plaintiff has provided copies of multiple ARPs. In September 2010, he filed an ARP grievance alleging that Defendant Sims used an RVR in retaliation against him. *See* Doc. [50-1] [50-2] [50-3]. The ARP was denied. Doc. [3-1] at 25. He also has submitted a copy RVR #1423604, which he alleges was "falsified". Doc. [3-1] at 28 & [11] at 3. According to this RVR, on October 3, 2013, Plaintiff refused to obey an order of staff by refusing to transfer to another unit. Doc. [3-1] at 28. Eventually, the RVR was reversed through the ARP system on June 9, 2014. Doc. [3-1] at 21. Hence, it appears that Plaintiff alleges two separate instances of falsified RVRs, one from 2010 and the other from 2013.

The 2010 RVR is barred by the statute of limitations, because the incident in question occurred more than three years prior to Plaintiff filing the instant complaint. There is no federal limitations period for 42 U.S.C. § 1983 actions; because there is no statute of limitations for 42 U.S.C. § 1983 actions, federal courts borrow the general personal injury limitations period of the forum state. *See Owens v. Okure*, 488 U.S. 235, 249-50 (1989); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). The general personal injury limitations period in Mississippi is three years. Miss. Code Ann. § 15-1-49; *James v. Sadler*, 909 F.2d 834, 836 (5th Cir. 1990). With respect to the 2010 RVR, the last ARP denial occurred on January 6, 2011. Plaintiff did not file the instant lawsuit until April 6, 2016, well outside of the applicable statute of limitations.

The 2013 RVR appears to fall within the three-year limitation period, but Plaintiff fails to state a cognizable federal constitutional claim. Although Plaintiff asserts that RVR #1423604 "kept me in isolation for 8 months wrongly", a review of the RVR reveals that Plaintiff in fact received as punishment only 30-days lost privileges. *See* Doc. [11] at 3; Doc. [3-1] at 28. Loss

5

of inmate privileges, and even time spent in isolation, does not rise to the level of a constitutional violation.  *See Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (holding that "[inmate's] 30 day commissary and cell restrictions as punishment are in fact merely changes in the conditions of his confinement and do not implicate due process concerns. They are penalties which do not represent the type of atypical, significant deprivation in which a state might create a liberty interest.").  *See also Geiger v. Jowers*, 404 F.3d 371, 373–74 (5th Cir.2005) (holding that inmate does not have a federally protected liberty interest in having prison grievances resolved to his satisfaction).  The undersigned recommends that Plaintiff's retaliation/falsification claims be dismissed with prejudice.

## **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that Defendants' [52] Motion for Summary Judgment be GRANTED and that Plaintiff's 42 U.S.C. § 1983 civil rights complaint be dismissed as to all claims and all Defendants.

## **NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed

findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 31st day of July, 2017.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE